UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-15-03288-MWF (AJWx)  Date: October 26, 2015
Title: Manuel H. Lopez, Jr. -v- Nationstar Mortgage LLC, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE DEFENDANT NATIONSTAR MORTGAGE LLC'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION [31]

Before the Court is Defendant Nationstar Mortgage LLC's timely Response to the Court's Order to Show Cause Regarding Subject Matter Jurisdiction. (Docket No. 31). The Court has reviewed Nationstar's submission and determined that Nationstar has failed to establish that the Court has subject matter jurisdiction in this case. The presence of California Defendants Clear Recon and ReconTrust defeats diversity jurisdiction. Having previously dismissed with prejudice the only federal claim in the action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and therefore **REMANDS** the action to Los Angeles County Superior Court.

**Background**

On April 1, 2015, Plaintiff Manuel H. Lopez initiated this action by filing a Complaint in Los Angeles County Superior Court against Nationstar Mortgage LLC ("Nationstar"), GMAC Mortgage Service Company of California ("GMAC"), Bank of America, N.A., ReconTrust Company, N.A. ("ReconTrust"), and Clear Recon Corp ("Clear Recon"). (Docket No. 1, Ex. A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-15-03288-MWF (AJWx)     Date: October 26, 2015
Title:     Manuel H. Lopez, Jr. -v- Nationstar Mortgage LLC, et al.

In the Complaint, Plaintiff alleged thirteen claims for relief, one of which arose under the Federal Fair Debt Collection Practices Act and the remaining twelve arising under California state law. (*Id.*).

On May 1, 2015, Nationstar removed the action to this Court. (Docket No. 1). In its removal papers, Nationstar asserts the existence of federal question jurisdiction because "Plaintiff's eleventh cause of action alleges violation of the Fair Debt Collection Practices Act." (*Id.* at 2).

On May 8, 2015, Nationstar filed a Motion to Dismiss Plaintiff's Complaint. (Docket No. 12). Plaintiff did not file an Opposition. Having read and considered the papers on the Motion to Dismiss, per Local Rule 7-15, the Court deemed the matter appropriate for decision without oral argument. (Docket No. 15). On July 22, 2015, the Court granted Nationstar's motion to dismiss with leave to amend as to eight of Plaintiff's state law claims. (Docket No. 18). The Court dismissed without leave to amend the remaining four state law claims and the one federal claim. (*Id.*).

On August 5, 2015, Plaintiff filed a First Amended Complaint ("FAC") against the same Defendants, reasserting the eight state law claims that the Court had dismissed with leave to amend. (Docket No. 19). According to the Complaint, Plaintiff's principal place of residence is in California. (FAC, Docket No. 19, at 2). Furthermore, the Complaint alleges that Defendants GMAC, ReconTrust, and Clear Recon are "incorporated and organized and existing under the laws of the State of California." (*Id.* at 2–4).

On August 24, 2015, Nationstar again filed a Motion to Dismiss. (Docket No. 21). Plaintiff filed an Opposition on September 3, 2015 (Docket No. 24), to which Nationstar filed a Reply on September 14, 2015 (Docket No. 25). The Court held a hearing on the Motion to Dismiss on September 28, 2015 (Docket No. 27), and issued a subsequent Order denying the Motion to Dismiss and ordering Nationstar to show cause as to why the Court has subject matter jurisdiction to hear the remaining state law claims (Docket No. 30).

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**   CV-15-03288-MWF (AJWx)      **Date:** October 26, 2015
**Title:**     Manuel H. Lopez, Jr. -*v*- Nationstar Mortgage LLC, et al.

      Nationstar filed a timely Response to the Order to Show Cause. (Docket No. 31). Plaintiff did not file an Opposition. The remaining four Defendants have not yet appeared in this Court.

**Subject Matter Jurisdiction**

      This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

      "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted). Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

      Here, the FAC asserts only claims arising under California state law, specifically California's Homeowner's Bill of Rights, Unfair Competition Act, and the doctrine of promissory estoppel. (Docket No. 19). The FAC does not arise under federal law, and the Court thus does not have federal question jurisdiction.

      Moreover, the Court concludes that subject matter jurisdiction based on diversity of citizenship is also inapplicable here. Subject matter jurisdiction based on diversity of citizenship exists only where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-03288-MWF (AJWx)  Date: October 26, 2015
Title:     Manuel H. Lopez, Jr. -v- Nationstar Mortgage LLC, et al.

"A party's residence is 'prima facie' evidence of domicile." *Zavala v. Deutsche Bank Trust Co. Americas*, C 13–1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (citation omitted); *see also Martingale Investments LLC v. Evans*, No. CV 12-09502 SJO CWX, 2012 WL 5902352, at *1 (C.D. Cal. Nov. 26, 2012). In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence for federal diversity purposes. *See id.* For federal diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181–82 (9th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)) (quotation marks omitted).

Plaintiff alleges in the FAC that his primary place of residence is in Diamond Bar, California. (FAC, Docket No. 19, at 2). In the absence of evidence to the contrary, Plaintiff is considered a citizen of California for federal diversity purposes. *See Zavala*, 2013 WL 3474760, at *3.

The Court takes judicial notice that Clear Recon is incorporated in California with its principal place of business in San Diego, California. *See* Cal. Sec'y of State Website, *Business Entity Detail for Clear Recon Corporation*, available at http://kepler.sos.ca.gov; *see also Franklin v. Eisner*, No. 96-CV-935 JSB, 1996 WL 406795, at *1 (N.D. Cal. July 12, 1996) (taking judicial notice of Walt Disney Company's state of incorporation and place of principal business); *Options Nat. Fertility Registry v. Am. Soc. for Reprod. Med.*, No. C 07-5238JF(HRL), 2008 WL 5115036, at *1 (N.D. Cal. Dec. 3, 2008) (taking judicial notice of incorporation records on the Alabama Secretary of State's website). Furthermore, Plaintiff alleges in the FAC that ReconTrust and GMAC are both California corporations, but the Court also takes judicial notice of the fact that ReconTrust is listed as "Dissolved" and GMAC is listed as "Merged Out" on the California Secretary of State's Business Search Website. *See* Cal. Sec'y of State Website, *Business Entity Detail for ReconTrust Company and GMAC Mortgage Service Company*, available at http://kepler.sos.ca.gov.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-15-03288-MWF (AJWx)     Date: October 26, 2015
Title:     Manuel H. Lopez, Jr. -v- Nationstar Mortgage LLC, et al.

Nationstar acknowledges that "Recon[T]rust and GMAC are considered citizens of California for diversity jurisdiction purposes" because defunct companies are, at a minimum, citizens of the state of their incorporation. (*See* Docket No. 31, at 6). *See also Parker v. Moore*, No. C 08-1896 PJH, 2008 WL 2220613, at *1 (N.D. Cal. May 27, 2008) ("While the Ninth Circuit has never expressly weighed in on the proper way to treat a defunct corporation for diversity purposes, fellow district courts in this circuit have. As those district court decisions have noted, there is a three-way split on the proper test for the citizenship of a defunct corporation. Some courts look to both the state of incorporation and to the state of the corporation's last business activity. Other courts hold that an inactive, or defunct, corporation has no 'place of business' and is therefore a citizen only of its state of incorporation. Still other courts adopt a more flexible and functional approach, holding that when a substantial period of time has elapsed since a corporation was active, its citizenship reverts to include only its state of incorporation (although the place of a corporation's last transactions is still relevant)." (citations omitted)).

Therefore, Clear Recon, GMAC, and ReconTrust are also citizens of California for purposes of diversity jurisdiction. Nationstar argues that, "[a]lthough, at first blush, this fact intimates that complete diversity is lacking, the citizenship of [these defendants] should be disregarded because they are nominal parties." (Docket No. 31, at 7). Nationstar contends that these defendants are "sued in their limited roles" as "trustee's [sic] for the mortgage servicers" or "past servicer[s]" "before Plaintiff even defaulted." (*Id.* at 8). Nationstar also observes that "[a]lthough it is unclear whether these nominal defendants have been served, they each will likely file a declaration of nonmonetary status and not actively participate in the litigation." (*Id.*).

For purposes of diversity jurisdiction, the courts ignore the citizenship of nominal parties "who have no interest in the action" and "are merely joined to perform [a] ministerial act." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). Nationstar, as the removing party, bears the burden of establishing that these California Defendants are nominal parties. *Silva* v. *Wells Fargo Bank NA*, No. CV 11-3200 GAF JCGX, 2011 WL 2437514, at *3 (C.D. Cal. June 16,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-03288-MWF (AJWx)			Date:  October 26, 2015
Title:	Manuel H. Lopez, Jr. -v- Nationstar Mortgage LLC, et al.

2011) ("[T]he burden of demonstrating that the defendant is a nominal party rest[s] with the removing party." (citation omitted)).

The Court acknowledges that the trustee on a deed of trust is often a nominal party. *Id.* But, here, Plaintiff's prayer for relief explicitly seeks damages jointly and severally against all Defendants and also specifically alleges wrongdoing by Clear Recon and ReconTrust in Claims I and VI of the FAC regarding willful and negligent recording of notices while Plaintiff's loan modification application was under review. (*See* Docket No. 19 ¶¶ 67, 70–72, 118–22). In cases "where the complaint pleads substantive allegations [] and seeks money damages" against a defendant, that defendant cannot be deemed a nominal party. *See, e.g.*, *Raissian v. Quality Loan Serv. Corp.*, No. CV 14-07969 BRO AGRX, 2014 WL 6606802, at *4 (C.D. Cal. Nov. 19, 2014); *accord Jenkins v. Bank of Am., N.A.*, No. CV 14-04545 MMM JCX, 2015 WL 331114, at *10-11 (C.D. Cal. Jan. 26, 2015) (collecting cases). Based on these facts, the Court cannot conclude that ReconTrust and Clear Recon were joined as nominal parties merely to facilitate collection; rather, it appears that both parties have a sufficient stake in the action such that they may not be considered nominal parties for purposes of diversity jurisdiction. Even *Silva*, the only case on which Nationstar relies, concluded that the trustee Cal-Western was not a nominal party where "Plaintiffs' complaint [] on its face asserts claims against all defendants . . . including Cal-Western, for money damages" and "further accuses Cal-Western of including false statements in the Notice of Default and failing to include certain required information in the Notice of Default." 2011 WL 2437514, at *5.

This result is further supported by the decision of other courts in this District similarly concluding that Clear Recon and ReconTrust are not nominal parties despite their status as trustees for mortgage servicers implicated in litigation regarding mortgage loans. *See, e.g., Jenkins*, 2015 WL 331114, at *10–11 ("The complaint includes substantive allegations against ReconTrust and also seeks damages jointly and severally from BofA and ReconTrust. As noted, plaintiffs allege that ReconTrust, as trustee, recorded notices of default and notices of trustee's sale against the property on multiple occasions in 2011 and 2013. It pleads all causes of action against BofA and

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-15-03288-MWF (AJWx)         Date:  October 26, 2015
Title:       Manuel H. Lopez, Jr. -*v*- Nationstar Mortgage LLC, et al.

ReconTrust jointly as 'defendants,' alleging that BofA and ReconTrust conspired to file the notices of default and notices of trustee's sale against the property improperly while their loan modification application was still under review, and that they failed to contact plaintiffs as required by California Civil Code § 2923.5."); *Castle v. Bank of Am., N.A.*, No. CV 15-1657-GW ASX, 2015 WL 1842726, at *2 (C.D. Cal. Apr. 20, 2015) ("Plaintiff alleges that Recontrust recorded a "facially defective" Notice of Default. It then later recorded a Notice of Trustee's Sale based upon the erroneous Notice of Default, and conducted a Trustee's sale of the property in April 2012. This activity forms Plaintiff's wrongful foreclosure claim. Plaintiff's NIED claim is based, in part, on the 'conduct [of the] Trustee sale based upon a facially defective Notice of Default.' In light of these allegations, it certainly seems as though Recontrust has been named due to alleged 'wrongdoing.'" (citations omitted)); *Robinson v. Clear Recon Corp.*, No. 2:15-CV-00242-ODW, 2015 WL 4163189, at *3 (C.D. Cal. July 9, 2015) ("Defendants cited two district court cases but offered no analysis to support its conclusion that Clear Recon is a nominal party, or that the district court cases cited interpreted the nominal party exception to diversity jurisdiction correctly. This deficiency, coupled with the Complaint and FAC specifically stating claims against Clear Recon pertaining to their acts or omissions, casts doubt that Clear Recon is in fact a nominal party.").

     "It may be that, on the merits, Plaintiff cannot make out a claim against [ReconTrust or Clear Recon], but the Court does not engage in that merits determination simply for purposes of assessing whether subject matter jurisdiction exists." *Castle*, 2015 WL 1842726, at *2. Because Nationstar has failed to meet its burden of showing that Clear Recon and ReconTrust are nominal parties, the presence of these California defendants defeats complete diversity, and consequently, diversity jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1332(a). Based on the lack of complete diversity, the Court does not need to reach the issue of whether the amount in controversy exceeds the $75,000 threshold.

     The Court has neither federal question nor diversity jurisdiction over the claims in the FAC. The Court in its discretion declines to exercise supplemental jurisdiction

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-03288-MWF (AJWx)     **Date:** October 26, 2015
**Title:** Manuel H. Lopez, Jr. -v- Nationstar Mortgage LLC, et al.

over the state law claims in the FAC. 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). As the Ninth Circuit has explained, "[i]n the usual case in which federal law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Plaintiff's Homeowner's Bill of Rights and Unfair Competition Act claims stem from alleged violations of state law, and should properly be adjudicated in the state system.

       Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles (Case No. BC577262). Because the Court did not need to rely on the materials submitted concurrently in Nationstar's Request for Judicial Notice (Docket No. 32), the Request is hereby **DENIED** *as moot*.

       The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.

       IT IS SO ORDERED.